UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaSHAWN YOUNG,

        Plaintiff,

Case No. 10-CV-14717

v.

HON. GEORGE CARAM STEEH

COMMUNITY EMERGENCY
MEDICAL SERVICE, INC.,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISMISS (#23)

On November 28, 2010, plaintiff filed a complaint against Community Emergency Medical Service, Inc., alleging racial discrimination in violation of 42 U.S.C. §1981 and Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.* On July 21, 2011, plaintiff, acting *pro se*, filed a motion for leave to file an amended complaint seeking to add federal claims of discrimination based on race and disability. On August 16, 2011, the court entered an order granting plaintiff's motion and instructing that plaintiff file his amended complaint within 21 days. Plaintiff has not filed his amended complaint. On July 25, 2011, plaintiff filed a new case, Case No. 11-13233, alleging the claims it appears he sought to pursue in his amended complaint in this case. On July 21, 2011, defendant filed a motion to dismiss and for sanctions in this case. The motion has been fully briefed. On September 8, 2011, the court ordered that there will be no oral hearing on the motion pursuant to Local Rule 7.1(f). For the reasons that follow, the court denies defendant's motion to dismiss without prejudice.

In its motion to dismiss, defendant argues: (1) plaintiff's 42 U.S.C. § 1981 claim

fails because there is no contractual relationship between plaintiff and defendant; and (2) all of plaintiff's claims should be dismissed for failure to prosecute.

First, defendant argues that there is no contractual relationship between plaintiff and defendant as required for a claim pursuant to 42 U.S.C. § 1981. To state a claim under section 1981, a plaintiff must "identify an impaired 'contractual relationship' ...under which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (internal citation omitted). Defendant argues there is no contractual relationship between plaintiff and defendant as defendant contracted directly with the Detroit Workforce Development Department ("Detroit Workforce") and Detroit Workforce paid plaintiff's tuition for defendant's courses. Defendant argues plaintiff cannot identify an impaired "contractual relationship" under which he has rights and therefore his section 1981 claim fails as a matter of law. Defendant argues plaintiff cannot demonstrate legal consideration because he did not pay for his tuition. In Silva v. St. Anne Catholic School, 2009 WL 89869, *3 (Jan. 13, 2009 D. Kan.), a case cited by defendant, the court found after a trial that "[a] contract does exist between St. Anne's and the families of the children who attend St. Anne's. The families agree to contribute a portion of their earnings to the church, and the church agrees to provide the children with an education." However, at the summary judgment stage, the court found "the school handbook's statements regarding race and diversity give rise to enough of a contractual relationship to allow the case to proceed under § 1981." Silva v. St. Anne Catholic School, 595 F.Supp.2d 1171, 1180 (D. Kan. 2009). Plaintiff argues there is a contract between defendant, plaintiff, and Michigan Human Resources Development, Inc. in which defendant agreed to comply with all local, state, and federal laws in

exchange for receiving plaintiff's tuition.  Plaintiff also argues the school catalog acknowledgment form and student affidavit form created a contractual relationship between plaintiff and defendant.  At this point in the case, it appears plaintiff has sufficiently alleged a contractual relationship.  The court therefore denies defendant's request to dismiss the section 1981 claim without prejudice.

Second, defendant argues the case should be dismissed because plaintiff's refusal to participate in discovery has prevented defendant from establishing its defenses.  Defendant argues the case should be dismissed for failure to prosecute because plaintiff has refused to appear for a scheduled deposition on two separate occasions and refused to answer questions on the third occasion.  The court denies defendant's request at this time, but warns plaintiff that failure to participate in discovery and to comply with the court's orders going forward will result in sanctions, including probable dismissal of this action.  The court also warns plaintiff that excessive and frivolous filings may result in sanctions.  Plaintiff is instructed to abide by the court's scheduling orders and local rules in filing a response to a pending motion.  Plaintiff is also instructed to file a comprehensive, amended complaint in this case by January 26, 2012 or this case will be dismissed with prejudice.  As stated in the court's August 16, 2011 order, the later-filed action by plaintiff, Case No. 11-13233, will be dismissed upon plaintiff's filing of his amended complaint in this case or failure to file his amended complaint by the January 26, 2012 deadline.
IT IS SO ORDERED.

Dated: January 12, 2012

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 12, 2012, by electronic and/or ordinary mail and upon LaShawn Young at 14790 Woodmont, Detroit, MI 48227.

s/Marcia Beauchemin
Deputy Clerk

---