UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaSHAWN YOUNG,

        Plaintiff,

v.

Case No. 10-CV-14717

HON. GEORGE CARAM STEEH

COMMUNITY EMERGENCY
MEDICAL SERVICE, INC.,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION (#46)

On February 28, 2012, plaintiff filed a motion to subpoena discovery documents, amend complaint, and reschedule deposition. As to plaintiff's request to amend his complaint to include misrepresentation, fraud, defamation, slander, and libel, the court fails to find an appropriate reason to allow such a broad amendment 15 months after plaintiff filed this action. The request is denied without prejudice. As to plaintiff's request for "the Court to subpoena all the documents that Defendant has refused to produce per Plaintiff's Discovery Requests," the court informs plaintiff that he may employ the use of subpoenas on third parties as appropriate within the bounds of the case. If plaintiff is asking the court to order defendant to produce documents, the plaintiff should file a motion to compel for the court's consideration. As to plaintiff's request to reschedule his deposition, plaintiff claims he needs additional time to obtain new counsel and asserts defendant is threatening to file a motion to dismiss if plaintiff refuses to participate in his deposition. Plaintiff has already

refused to appear for a scheduled deposition on two separate occasions and refused to answer questions on the third occasion. In the January 12, 2012 order, the court "warn[ed] plaintiff that failure to participate in discovery and to comply with the court's orders going forward will result in sanctions, including probable dismissal of this action." In addition, the court has provided plaintiff with more than ample time to obtain new counsel. On April 4, 2011, the court allowed plaintiff's counsel to withdraw from the case and stayed the case for 30 days to allow plaintiff to obtain new counsel. The April 4, 2011 order provides "[i]f plaintiff does not obtain new counsel within 30 days, the case will proceed and plaintiff will be deemed to represent himself." On May 27, 2011, plaintiff requested an extension of the stay of proceedings to allow him additional time to obtain counsel. On May 31, 2011, the court granted plaintiff's request and ordered: "(1) the deposition of plaintiff previously scheduled for June 2, 2011 shall be adjourned to a date on or after June 16, 2011; (2) **plaintiff shall be given until June 14, 2011 to obtain new counsel, otherwise, plaintiff is deemed to represent himself**; and (3) <u>**no further extensions will be provided on the basis that plaintiff needs time to obtain counsel**</u>." (Emphasis added). On July 5, 2011, plaintiff filed an application for appointment of counsel. The court denied the request on July 13, 2011. On July 19, 2011, plaintiff filed a motion for reconsideration of the July 13, 2011 order. On July 26, 2011, the court denied plaintiff's motion for reconsideration. As defendant is entitled to take a deposition of plaintiff, and plaintiff has had more than sufficient time to obtain counsel, plaintiff's request to delay his deposition is denied. For the reasons set forth above, plaintiff's motion is denied and plaintiff is warned that failure to participate in the March 2, 2012 deposition will result in dismissal of this action.

IT IS SO ORDERED.

Dated: March 1, 2012

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 1, 2012, by electronic and/or ordinary mail and upon LaShawn Young at 14790 Woodmont, Detroit, MI 48227.

s/Marcia Beauchemin
Deputy Clerk