UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaSHAWN YOUNG,

Plaintiff,

Case No. 10-CV-14717

v.

HON. GEORGE CARAM STEEH

COMMUNITY EMERGENCY
MEDICAL SERVICE, INC.,

Defendant.
_______________________________________/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE (#48)

On November 28, 2010, plaintiff filed a complaint against Community Emergency Medical Service, Inc., alleging racial discrimination in violation of 42 U.S.C. §1981 and Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*. On January 26, 2012, plaintiff filed an amended complaint adding federal claims of discrimination based on race and disability. On March 16, 2012, defendant filed a motion to dismiss for failure to prosecute. On March 19, 2012, the court ordered that there will be no oral hearing on the motion pursuant to Local Rule 7.1(f). The court ordered a deadline of April 11, 2012 for plaintiff's response to the motion. On April 11, 2012, plaintiff filed a motion to compel production of documents, appeal court's denial of plaintiff's request to amend complaint, and appeal court's decision denying plaintiff's request to submit voice recordings of defendant (#52). The document appears to address some of the issues raised in defendant's motion to dismiss and thus constitutes a response. Defendant filed a reply in support of its motion to dismiss. For the reasons set forth below, the court GRANTS

defendant's motion to dismiss for failure to prosecute.

In its motion to dismiss, defendant argues the case should be dismissed pursuant to Federal Rules of Civil Procedure 37 and 41 because plaintiff's conduct has prevented defendant from discovering the basis for plaintiff's claims and preparing defenses. Defendant first noticed plaintiff's deposition on January 14, 2011. The deposition was adjourned at the request of plaintiff's counsel. Defendant then issued a second notice of plaintiff's deposition. Plaintiff's counsel cancelled the deposition and filed a motion to withdraw as counsel. On April 4, 2011, the court granted counsel's motion to withdraw, stayed the proceedings for 30 days, and stated: "[i]f plaintiff does not obtain new counsel within 30 days, the case will proceed and plaintiff will be deemed to represent himself." Defendant noticed plaintiff's deposition for the third time and plaintiff objected and requested additional time from the court. The court gave plaintiff another two weeks to obtain counsel and stated "no further extensions will be provided on the basis that plaintiff needs time to obtain counsel." Plaintiff objected to defendant's fourth notice of deposition. After defendant's fifth notice of deposition, plaintiff appeared but refused to answer questions, stating he will not proceed until he secures an attorney. At that deposition, defendant's counsel twice informed plaintiff that defendant would be seeking appropriate remedies from the court based on plaintiff's refusal to cooperate. Plaintiff responded "I understand you're threatening to drop [move to dismiss] the lawsuit."

Plaintiff sought court-appointed counsel. His motion for court-appointed counsel was denied and his motion for reconsideration of that order was denied.

Defendant filed a motion to dismiss, in part based on plaintiff's failure to

participate in a deposition. The court denied the motion to dismiss but warned plaintiff that "failure to participate in discovery and to comply with the court's orders going forward will result in sanctions, including probable dismissal of this action."

On February 14, 2012, defense counsel requested dates from plaintiff for the scheduling of his deposition. On February 15, 2012, plaintiff refused to provide dates for his deposition, stating: "I'm in the process of obtaining an Attorney who will help me Depose YOUR CLIENT FIRST. After I obtain my new Attorney, I will contact you about deposing your client. Once your client has been fully deposed, I will give my testimony at that time." On the same day, defendant issued a sixth notice of deposition for plaintiff's deposition to take place on March 2, 2012. Plaintiff responded by stating "I did NOT authorize or grant permission for you to schedule me for a Deposition on March 2, 2012, so I will be filing a motion with the court to reschedule the deposition on a date that is more suitable for me." Plaintiff also indicated that he requires six of defendant's representatives to be present for depositions on the day his own deposition is taken. In three separate emails, defendant repeats its position that plaintiff's deposition will proceed as scheduled on March 2, 2012 despite plaintiff's objections.

On February 28, 2012, plaintiff filed a motion in part requesting that his deposition be rescheduled to give him additional time to obtain new counsel. On March 1, 2012, the court denied plaintiff's motion and stated:

> As to plaintiff's request to reschedule his deposition, plaintiff claims he needs additional time to obtain new counsel and asserts defendant is threatening to file a motion to dismiss if plaintiff refuses to participate in his deposition. Plaintiff has already refused to appear for a scheduled deposition on two separate occasions and refused to answer questions on the third occasion. In the January 12, 2012 order, the court "warn[ed] plaintiff that failure to participate in discovery and to comply with the

> court's orders going forward will result in sanctions, including probable dismissal of this action."...As defendant is entitled to take a deposition of plaintiff, and plaintiff has had more than sufficient time to obtain counsel, plaintiff's request to delay his deposition is denied...and plaintiff is warned that failure to participate in the March 2, 2012 deposition will result in dismissal of this action.

On March 2, 2012, plaintiff appeared for his deposition but engaged in inappropriate conduct. He repeatedly cut-off defense counsel's questions, making it difficult for defense counsel to obtain answers to his questions. He refused to answer some questions, claiming he needed an attorney, or he provided unresponsive and lengthy rants in response to questions. Plaintiff's conduct thwarted defendant's effort to obtain his deposition testimony. Defendant was unable to obtain substantive answers regarding the basis of plaintiff's claims. Defendant thus argues plaintiff's inappropriate deposition conduct amounts to a refusal to provide testimony and warrants dismissal of his case.

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court is given substantial discretion in determining whether to dismiss pursuant to Rule 41(b) and the decision is reversed only if the appellate court has the "definite and firm conviction that the trial court committed a clear error of judgment." Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999). In making the determination, a court should consider the following four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

sanctions were imposed or considered before dismissal was ordered." Id. "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id.

First, defendant argues plaintiff has not made a good faith attempt to comply with the court's orders. The court's April 4 and May 31, 2011 orders provided plaintiff would be "deemed to represent himself" if he did not obtain counsel by a designated date and the latter order instructed plaintiff that no further extensions would be provided on the basis that he needed time to obtain counsel. Despite being deemed to represent himself, at his July 5th deposition, plaintiff refused to cooperate in answering questions and declared he would not do so until he had counsel. His behavior leading up to and including his March 2, 2012 deposition shows he has stubbornly resisted defense counsel's attempts to conduct discovery as provided by the Federal Rules of Civil Procedure. Defendant characterizes plaintiff's conduct at the March 2, 2012 deposition as belligerent, threatening, insulting, uncooperative and abusive, preventing the deposition from proceeding in a civil and proper manner. The court watched the entire deposition video and is persuaded that plaintiff's deposition conduct prevented defendant from obtaining information necessary to understand plaintiff's claims and defend the case.

Second, defendant argues it has been prejudiced by plaintiff's conduct. Defendant has expended significant time, money, and effort in pursuing plaintiff's deposition testimony. In addition, defendant claims it is harmed by the delay in obtaining discovery as the discovery deadline is drawing near and the memories of

witnesses are growing older.

Third, defendant argues plaintiff was on notice that noncompliance could result in dismissal of this action. In the January 12, 2012 order, the court warned plaintiff that "failure to participate in discovery and to comply with the court's orders going forward will result in sanctions, including probable dismissal of this action." On March 1, 2012, the court again warned plaintiff that he "has had more than sufficient time to obtain counsel" and that his "request to delay his deposition is denied...plaintiff is warned that failure to participate in the March 2, 2012 deposition will result in dismissal of this action." Plaintiff knew that refusal to participate in his deposition would lead to dismissal of his complaint yet he refused to cooperate in answering defendant's questions.

Fourth, defendant argues dismissal is appropriate as no other sanction would protect the integrity of the pretrial process. Dismissal is an appropriate sanction only if no alternative sanction would protect the integrity of the pretrial process. Wu v. T.W. Wang, Inc., 420 F.3d 641, 644 (6th Cir. 2005). Defendant argues plaintiff has deliberately obstructed and delayed completion of his deposition. At the deposition, he stated "Man, you asked for this." Defendant argues plaintiff was making it difficult for defense counsel to proceed with his deposition because he was angry about being deposed without an attorney. Defendant argues plaintiff's conduct and his correspondence make it clear that he will proceed only on his own terms, rather than the terms ordered by this court or set forth in the Federal Rules of Civil Procedure. While plaintiff's arguments in his April 11, 2012 pleading suggest plaintiff lacks an understanding of the deposition process, his conduct leading up to and at the March 2, 2012 deposition severely hampered defense counsel's ability to discover the basis of

plaintiff's claims and explore any defenses. Plaintiff's own pleading shows that plaintiff used the deposition process as a platform for argument rather than answering questions. This court repeatedly instructed plaintiff that he would be deemed to represent himself. The court also warned plaintiff that failure to participate in his deposition would result in dismissal of the case. Despite being warned, plaintiff failed to cooperate in discovery necessary to the resolution of this case. Plaintiff's conduct undermines the ability of defendant to discover the basis of plaintiff's claims and it prevents this court from managing the case effectively and ultimately entering a decision on the merits. At this time, the court believes dismissal is the only sanction that will protect the integrity of the pretrial process.

Based on the four factors discussed above, the court finds dismissal of plaintiff's complaint is appropriate. Plaintiff has repeatedly delayed matters in this case and has failed to cooperate in discovery despite the court's orders instructing plaintiff to cooperate. Defendant's motion to dismiss is therefore GRANTED and plaintiff's complaint is DISMISSED. Defendant's request for attorney fees and costs is denied.[1]

IT IS SO ORDERED.

Dated: June 4, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

[1]Plaintiff's motion to compel production of documents, appeal denial of request to amend complaint, and appeal denial of submission of voice recordings (Dkt. #52) is DENIED as moot.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 4, 2012, by electronic and/or ordinary mail and upon LaShawn Young at 14790 Woodmont, Detroit, MI 48227.

s/Barbara Radke
Deputy Clerk